IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-127-GMS |
| | ) |
| TURNER BROADCASTING | ) |
| SYSTEM, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## DEFENDANT TURNER BROADCASTING SYSTEM, INC.'S ANSWER

Defendant Turner Broadcasting System, Inc. ("TBS") answers the Complaint of CRS, LLC ("CRS") as follows:

### I. JURISDICTION AND VENUE

1.  TBS admits that the Complaint purports to recite an action for patent infringement arising under the patent laws of the United States. TBS denies any remaining allegations in paragraph 1 of the Complaint.

2.  TBS admits that this Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a). TBS denies the remaining allegations in paragraph 2 of the Complaint.

3.  TBS admits, for purposes of this action only, that it is subject to venue in Delaware. Any allegations not admitted are denied.

### II. THE PARTIES

4.  TBS is without information or knowledge sufficient to form a belief as to truth of the allegations in paragraph 4 of the Complaint.

5.  TBS admits the allegations in paragraph 5 of the Complaint.

6.  TBS admits that Exhibit A of the Complaint, on its face, purports to be a copy of U.S. Patent No. 6,073,124 ("'124 Patent"), which is titled "Method and System for Securely Incorporating Electronic Information Into An Online Purchasing Application" and lists Ganapathy Krishnan, John Guthrie, and Scott Oyler as inventors. TBS denies that the patent was duly and legally issued. TBS is without information or knowledge sufficient to form a belief as to the remainder of the allegations in paragraph 6 of the Complaint, and as such denies the same.

### III. PATENT INFRINGEMENT

7.  Answering the allegations of paragraph 7 of the Complaint, TBS incorporates its answer to the allegations in paragraphs 1 to 6 of the Complaint.

8.  TBS admits that its subsidiary, TGN, Inc., maintains a website at www.gametap.com that is accessible over the internet. TBS admits that electronic games are available for purchase through www.gametap.com. TBS denies the remaining allegations in paragraph 8 of the Complaint.

9.  TBS denies the allegations of paragraph 9 of the Complaint.

10. TBS denies the allegations of paragraph 10 of the Complaint.

11. TBS denies the allegations of paragraph 11 of the Complaint.

12. TBS denies the allegations of paragraph 12 of the Complaint.

TBS denies any remaining allegations in the Complaint that are not specifically admitted herein, and denies that Plaintiff is entitled to any of the relief prayed for in the Complaint or any other relief from the Court.

### AFFIRMATIVE OR OTHER DEFENSES

1.  Further answering the Complaint, TBS asserts the following defenses. TBS reserves the right to amend its answer with additional defenses as further information is obtained.

### FIRST AFFIRMATIVE OR OTHER DEFENSE

2. TBS has not infringed, contributed to the infringement of, or induced the infringement of the '124 patent and is not liable for infringement thereof.

3. Without admitting any infringement, which is denied, any and all TBS products or methods that are accused of infringement have substantial uses that do not infringe the '124 patent and therefore cannot induce or contribute to inducing infringement of the '124 patent.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

4. On information and belief, the '124 patent is invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

5. On information and belief, CRS has failed to plead and meet the requirements of 35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

6. CRS's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and CRS is estopped from claiming that the '124 patent covers or includes any accused TBS product or method.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

7. CRS has dedicated to the public all methods, apparatus, and products disclosed in the '124 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

8. CRS has acquiesced in or ratified at least a substantial part of the TBS conduct alleged to infringe.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

9. CRS's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

10. CRS's claim is barred, in whole or in part, by the equitable doctrines of unclean hands, waiver and/or estoppel.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

11. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Turner Broadcasting System, Inc., having answered Plaintiff CRS, LLC's Complaint, prays as follows:

(1) That CRS take nothing by reason of its Complaint, that judgment be rendered in favor of TBS;

(2) Enter judgment declaring that TBS has not infringed, contributed to the infringement of, or induced infringement of the '124 Patent;

(3) Enter judgment declaring that the '124 Patent is invalid;

(4) Award TBS prejudgment interest and the costs of this action;

(5) Award TBS its cost of suit and attorneys' fees to the fullest extent allowed by law; and

(6) Grant such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant Turner Broadcasting System, Inc. respectfully demands a trial by jury.

        YOUNG CONWAY STARGATT & TAYLOR, LLP

        */s/ Karen E. Keller*
        John W. Shaw (No. 3362)
        jshaw@ycst.com
        Karen E. Keller (No. 4489)
        kkeller@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801
        (302) 571-6600

OF COUNSEL:
Inge A. Larish (*admitted pro hac vice*)
inge.larish@klarquist.com
KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington 98101
(206) 264-2960

J. Christopher Carraway
chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
(503) 595-5300

DATED: April 25, 2008    *Attorneys for Defendant Turner Broadcasting System, Inc.*

5

DB02:6773393.1                                     067266.1001

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Michael G. Busenkell, Esquire
> Eckert Seamans Cherin & Mellott LLC
> 300 Delaware Avenue, Suite 1210
> Wilmington, DE 19801

I further certify that on April 25, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> Robert Rohde, Esquire, Esquire [brohde@rohdelaw.com]
> Rohde & Van Kempen PLLC
> 1001 Fourth Avenue, Suite 4050
> Seattle, WA 98154-1000

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> /s/ Karen E. Keller
> John W. Shaw (No. 3362) [jshaw@ycst.com]
> Karen E. Keller (No. 4489) [kkeller@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6600