IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-127-GMS |
| | ) |
| TURNER BROADCASTING SYSTEM, INC. | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF INGE LARISH IN SUPPORT OF DEFENDANT
TURNER BROADCASTING SYSTEM, INC.'S MOTION TO TRANSFER
<u>TO THE WESTERN DISTRICT OF WASHINGTON</u>**

I, Inge Larish, the undersigned, declare:

1. I am an attorney with Klarquist Sparkman, LLP, counsel for Turner Broadcasting System, Inc., in the above-captioned matter. I am admitted to practice before this court and am a member of the Washington State Bar. I have personal knowledge of the matters stated herein unless indicated otherwise, and I declare as follows:

2. Attached hereto as Ex. A is a true copy of Network Commerce Answers to

Microsoft's First Set of Interrogatories Response to Interrogatory No. 2, as served in *Network Commerce, Inc. v. Microsoft Corp.*, W.D.Wa. 2:01-cv-01991.

3. Attached hereto as Ex. B is a true and accurate copy of Network Commerce Initial Disclosures as filed with the court in *Network Commerce, Inc. v. Microsoft Corp.*, W.D.Wa. 2:01-cv-01991.

4. Defendant's counsel has such documents as produced from the Network Commerce in the litigation with Microsoft and archived as permitted by the protective order in *Network Commerce v. Microsoft Corp.*. Defendant's counsel has already written to Plaintiff's counsel to ascertain whether Plaintiff and its counsel have maintained Network Commerce documents and to request permission pursuant to the protective order entered in *Network Commerce v. Microsoft Corp.* to use the documents in the current litigation. At this time, Defendant's counsel has not received a response to this request.

5. According to the Judicial Caseload Profile, District Court Statistics, published by the Administrative Office of the United States Courts, for the period ending December 2007, the time from filing to disposition between the two courts is 27 months in this Court and 18 months in the Western District of Washington. Attached hereto as Ex. C is the U.S. District Court Judicial Caseload Profiles for Western District of Washington and the District of Delaware.

I swear under penalty of perjury, under the laws of the United States, that the foregoing statements are true and accurate to the best of my knowledge.

DECLARATION OF INGE A. LARISH IN SUPPORT OF MOTION TO TRANSFER
CASE - 2
C.A. No. 08-127-GMS

Executed this 8th day of May, 2008 at Seattle, Washington.

_____
Inge A. Larish

DECLARATION OF INGE A. LARISH IN SUPPORT OF MOTION TO TRANSFER
CASE - 3
C.A. No. 08-127-GMS

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 9, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Michael G. Busenkell, Esquire
> Eckert Seamans Cherin & Mellott LLC
> 300 Delaware Avenue, Suite 1210
> Wilmington, DE 19801

I further certify that on May 9, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Robert Rohde, Esquire, Esquire [brohde@rohdelaw.com]
> Rohde & Van Kempen PLLC
> 1001 Fourth Avenue, Suite 4050
> Seattle, WA 98154-1000

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> */s/Karen E. Keller*
> Karen E. Keller (No. 4489) [kkeller@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6600

# EXHIBIT A



THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NETWORK COMMERCE, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION, a Washington Corporation,<br><br>    Defendant. | NO. C01-1991P<br><br>PLAINTIFF NETWORK COMMERCE'S ANSWERS TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF INTERROGATORIES |

  Plaintiff Network Commerce, Inc. ("NCI") submits the following responses to defendant Microsoft Corporation's ("Microsoft") First Set of Interrogatories pursuant to and in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

PLAINTIFF'S ANSWERS TO INTERROGATORIES
(NO. C01-1991P) - 1
[29833-0139/SL020720.337]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

this interrogatory from the '124 patent—which is publicly available and/or in Microsoft's possession—and the burden of doing so is substantially the same for Microsoft as it would be for NCI. Without waiving these objections, NCI refers Microsoft to the specification of the '124 patent, which speaks for itself. The specification describes a preferred embodiment of the invention, and has a written description that the patent examiner found was sufficient to support the claim language.

INTERROGATORY NO. 2

Separately, for each claim of the '124 Patent, set forth a complete chronological description, in accordance with the Instructions (see, e.g., Instruction 8 above), of the development of the claimed subject matter from conception to actual reduction to practice.

ANSWER TO INTERROGATORY NO. 2

NCI objects to this interrogatory as overly broad and unduly burdensome, especially to the extent it seeks an answer "in accordance with the Instructions" (see General Objection No. 8). NCI also objects on the grounds that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the dates of conception and reduction to practice of the claimed invention. The dates of conception and reduction to practice are not relevant to any claim or defense asserted in this action, and would become relevant only if and when there was an issue concerning prior inventorship. Without waiving these and its general objections, NCI responds that the general concept for the invention claimed in the '124 patent arose at least as early as early or mid-1996, in connection with the development of certain technology, including a website editing product called "Internet Guru" and licensing technology. As part of that project, a server was developed which permitted the secure transfer and delivery of digital content over the Internet. By mid-1996, a licensing module that permitted the licensing of digital content over the Internet was

PLAINTIFF'S ANSWERS TO INTERROGATORIES
(NO. C01-1991P) - 4
[29833-0139/SL020720.337]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

incorporated into the server, and was successfully beta tested soon thereafter. By at least January 1997, the system was able to conduct electronic commerce as disclosed in the '124 patent and was successfully beta tested soon thereafter. The persons most knowledgeable concerning the conception and reduction to practice of the claimed invention are the named inventors—Ganapathy Krishnan, John Guthrie, and Scott Oyler. Documents that relate to the conception and reduction to practice of the claimed invention, to the extent such documents exist, will be produced in response to Microsoft's First Set of Requests for Production of Documents.

INTERROGATORY NO. 3

For each claim of the '124 Patent, describe, in accordance with the Instructions (see, e.g., Instruction 8 above), the circumstances leading to and surrounding the first public disclosure, or first sale or offer for sale, of the claimed subject matter, and all disclosures of the claimed subject matter, private or otherwise, to any person other than the inventor or inventors of that subject matter which occurred prior to July 15, 1997.

ANSWER TO INTERROGATORY NO. 3

NCI objects to this interrogatory as vague, overly broad, and unduly burdensome, especially to the extent it seeks an answer "in accordance with the Instructions" (see General Objection No. 8). NCI also objects on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information concerning disclosures occurring after the latest possible critical date of July 15, 1996 or non-public disclosures. Without waiving these or its general objections, NCI responds that it is unaware of any public disclosures, sales, or offers for sale of the claimed invention prior to July 15, 1996. NCI did have discussions with Kinetics, Inc. in approximately June or July of 1996 concerning the possible investment in and/or acquisition of the company by Kinetics. In

PLAINTIFF'S ANSWERS TO INTERROGATORIES
(NO. C01-1991P) - 5
[29833-0139/SL020720.337]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

## INTERROGATORY NO. 13

For every product or service identified in your answer to Interrogatory No. 12, state:

(a) the dates of first making, use, public disclosure, sale, offer for sale, or for license;

(b) whether such making, marketing, use, sale, offer for sale or for license is presently continuing, and if not, give the dates of termination thereof;

(c) whether the division, subsidiary, or business unit of Network Commerce that performed such making, marketing, use, sale, offer for sale or for license was sold, and if so, to whom.

## ANSWER TO INTERROGATORY NO. 13

See Answer to Interrogatory No. 12.

DATED this 19th day of April 2002.

PERKINS COIE LLP

By _[signature]_
Ramsey M. Al-Salam, WSBA #18822
William D. Fisher, WSBA #27475
Attorneys for Plaintiff Network Commerce, Inc.

PLAINTIFF'S ANSWERS TO INTERROGATORIES
(NO. C01-1991P) - 12
[29833-0139/SL020720.337]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

# EXHIBIT B

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NETWORK COMMERCE, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation, <br><br> Defendant. | NO. C01-1991P <br><br> PLAINTIFF NETWORK COMMERCE'S INITIAL DISCLOSURE STATEMENT |

Plaintiff Network Commerce, Inc. ("Network Commerce") submits the following initial disclosure statement in accord with Fed. R. Civ. P. 26(a)(1). This statement is submitted without benefit of defendant Microsoft Corporation's ("Microsoft") initial disclosure statement or discovery. Accordingly, Network Commerce reserves the right to disclose additional information regarding any of its claims or defenses, or to otherwise supplement these disclosures pursuant to Fed. R. Civ. P. 26(e), following Microsoft's filing of an initial disclosure statement and/or discovery in this action.

PLAINTIFF'S INITIAL DISCLOSURE STATEMENT
(NO. C01-1991P) - 1
[29833-0139/SL020620.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

# INDIVIDUALS WITH DISCOVERABLE INFORMATION

1. **Ganapathy Krishnan**
   14019 NE 85 Court
   Redmond, WA 98052
   425-497-0289

   Mr. Krishnan is one of the named inventors in the patent-at-issue, U.S. Patent No. 6,073,124 (the "'124 patent"), and has knowledge concerning the invention disclosed in the '124 patent, including its conception and reduction to practice.

2. **Scott Oyler**
   Developer
   Network Commerce, Inc.
   411 First Avenue South
   Suite 200 N
   Seattle, WA 98104

   Mr. Oyler is one of the named inventors in the '124 patent, and has knowledge concerning the invention disclosed in the '124 patent, including its conception and reduction to practice.

3. **John L. Guthrie**
   11215 NE 128th Street, #L203
   Kirkland, WA 98034
   (425) 814-6934

   Mr. Guthrie is one of the named inventors in the '124 patent, and has knowledge concerning the invention disclosed in the '124 patent, including its conception and reduction to practice, and Microsoft's infringement of the '124 patent. Mr. Guthrie also has knowledge concerning Network Commerce's prior business activities, which may be relevant to the claims made by Microsoft for infringement of United States Patent Nos. 5,794,006 (the "'006 patent"), 5,822,526 (the "'526 patent"), and 5,999,914 (the "'914 patent").

PLAINTIFF'S INITIAL DISCLOSURE STATEMENT
(NO. C01-1991P) - 2
[29833-0139/SL020620.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

4. **Dwayne Walker**
Chairman and CEO
Network Commerce, Inc.
411 First Avenue South
Suite 200 N
Seattle, WA 98104

Mr. Walker has knowledge of Network Commerce's business and what it would have required for a royalty for licensing the '124 patent if the parties had negotiated a license at the time the infringement began. Mr. Walker also has knowledge of Network Commerce's prior and current business activities, which may be relevant to the claims made by Microsoft for infringement of the '006 patent, the '526 patent, and the '914 patent.

5. Presently unidentified current and/or former employees of Microsoft will have knowledge concerning Microsoft's infringement of the '124 patent.

### RELEVANT DOCUMENTS IN
### NETWORK COMMERCE'S POSSESSION OR CONTROL

1. <u>The '124 Patent Documents.</u> The '124 patent has been provided to Microsoft. The '124 patent's file history is publicly available.

2. <u>Technical Documents Relating to the '124 Patent.</u> These documents are located at Network Commerce's headquarters in Seattle, Washington.

3. <u>Documents Relating to Microsoft's Infringement.</u> These documents are located at Network Commerce's headquarters in Seattle, Washington.

4. <u>The '006 Patent, the '526 Patent, and the '914 Patent Documents.</u> These documents are either in Microsoft's possession or publicly available.

PLAINTIFF'S INITIAL DISCLOSURE STATEMENT
(NO. C01-1991P) - 3
[29833-0139/SL020620.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

03/04/2002 17:15 FAX 206 583 8500    PERKINS COIE    ☒016
Case 1:08-cv-00127-GMS   Document 11-2   Filed 05/09/2008   Page 10 of 13

5. <u>Documents Relating to Network Commerce's Alleged Infringement of the '006 Patent, the '526 Patent, and the '914 Patent.</u> These documents are located at Network Commerce's headquarters in Seattle, Washington. Network Commerce cannot determine the scope of such documents at this time.

## COMPUTATION OF DAMAGES

Network Commerce has not yet prepared any computation of damages. Network Commerce will base its computation of damages for its claim, in part, on sales and other information that Network Commerce expects Microsoft to provide during discovery.

## INSURANCE AGREEMENT

Not applicable.

DATED this 4th day of March 2002.

PERKINS COIE LLP

By _[signature]_
Ramsey M. Al-Salam, WSBA #18822
William D. Fisher, WSBA #27475

Attorneys for Plaintiff Network Commerce, Inc.

PLAINTIFF'S INITIAL DISCLOSURE STATEMENT
(NO. C01-1991P) - 4
[29833-0139/SL020620.039]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

# EXHIBIT C

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **DELAWARE** | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,065 | 1,077 | 1,190 | 1,797 | 1,362 | 2,028 | | |
| | Terminations | | 975 | 1,419 | 1,448 | 1,516 | 1,507 | 1,478 | | |
| | Pending | | 1,511 | 1,501 | 1,853 | 2,085 | 1,836 | 1,999 | | |
| | % Change in Total Filings | Over Last Year | -1.1 | | | | | | 50 | 4 |
| | | Over Earlier Years | | -10.5 | -40.7 | -21.8 | -47.5 | | 90 | 6 |
| | Number of Judgeships | | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | Vacant Judgeship Months** | | 9.5 | .0 | .0 | .0 | 1.9 | 3.1 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 267 | 270 | 298 | 449 | 340 | 507 | 80 | 5 |
| | | Civil | 218 | 233 | 264 | 414 | 306 | 462 | 72 | 5 |
| | | Criminal Felony | 38 | 30 | 28 | 29 | 25 | 38 | 81 | 5 |
| | | Supervised Release Hearings** | 11 | 7 | 6 | 6 | 9 | 7 | 82 | 3 |
| | Pending Cases | | 378 | 375 | 463 | 521 | 459 | 500 | 42 | 5 |
| | Weighted Filings** | | 379 | 367 | 422 | 534 | 424 | 516 | 61 | 3 |
| | Terminations | | 244 | 355 | 362 | 379 | 377 | 370 | 83 | 5 |
| | Trials Completed | | 21 | 15 | 20 | 19 | 23 | 18 | 43 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.5 | 9.3 | 9.4 | 9.1 | 8.3 | 9.8 | 43 | 2 |
| | | Civil** | 12.5 | 16.8 | 10.9 | 14.0 | 11.2 | 8.2 | 88 | 5 |
| | From Filing to Trial** (Civil Only) | | 27.0 | 26.0 | 23.5 | 26.0 | 24.0 | 22.5 | 54 | 3 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 108 | 142 | 156 | 65 | 66 | 99 | | |
| | | Percentage | 8.2 | 10.6 | 9.1 | 3.4 | 3.9 | 5.4 | 77 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.1 | 1.2 | 1.2 | 1.2 | 1.3 | 1.1 | | |
| | Jurors | Avg. Present for Jury Selection | 41.56 | 39.60 | 39.82 | 38.50 | 34.98 | 33.84 | | |
| | | Percent Not Selected or Challenged | 31.7 | 24.1 | 22.8 | 20.9 | 24.0 | 24.4 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 870 | 28 | 4 | 229 | 9 | 3 | 32 | 68 | 39 | 176 | 103 | 14 | 165 |
| Criminal* | 150 | 1 | 26 | 25 | 46 | 20 | 2 | 17 | 5 | 2 | - | 1 | 5 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **WASHINGTON WESTERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | \multicolumn{2}{c}{Numerical Standing} |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,573 | 3,471 | 4,167 | 4,858 | 5,038 | 4,103 | U.S. | Circuit |
| | Terminations | | 3,813 | 4,101 | 4,584 | 4,337 | 3,491 | 4,041 | | |
| | Pending | | 2,671 | 3,280 | 4,303 | 4,608 | 3,890 | 2,373 | | |
| | % Change in Total Filings | Over Last Year | 2.9 | | | | | | 34 | 8 |
| | | Over Earlier Years | | -14.3 | -26.5 | -29.1 | -12.9 | | 62 | 14 |
| Number of Judgeships | | | 7 | 7 | 7 | 7 | 7 | 7 | | |
| Vacant Judgeship Months** | | | 20.9 | 14.1 | 6.7 | 14.0 | 2.6 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 511 | 496 | 595 | 694 | 720 | 586 | 23 | 6 |
| | | Civil | 411 | 396 | 487 | 582 | 616 | 498 | 15 | 5 |
| | | Criminal Felony | 72 | 69 | 74 | 78 | 68 | 56 | 47 | 9 |
| | | Supervised Release Hearings** | 28 | 31 | 34 | 34 | 36 | 32 | 31 | 11 |
| | Pending Cases | | 382 | 469 | 615 | 658 | 556 | 339 | 41 | 8 |
| | Weighted Filings** | | 559 | 572 | 626 | 611 | 621 | 617 | 12 | 3 |
| | Terminations | | 545 | 586 | 655 | 620 | 499 | 577 | 16 | 4 |
| | Trials Completed | | 22 | 19 | 16 | 13 | 10 | 12 | 38 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.0 | 7.9 | 7.3 | 6.3 | 6.2 | 5.8 | 39 | 9 |
| | | Civil** | 8.1 | 9.1 | 9.6 | 7.2 | 6.4 | 5.8 | 31 | 5 |
| | From Filing to Trial** (Civil Only) | | 18.0 | 19.0 | 19.4 | 16.4 | 16.7 | 18.0 | 14 | 2 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 36 | 310 | 259 | 32 | 23 | 36 | | |
| | | Percentage | 1.7 | 11.2 | 6.9 | .8 | .7 | 1.8 | 11 | 1 |
| | Average Number of Felony Defendants Filed Per Case | | 1.5 | 1.7 | 1.6 | 1.7 | 1.6 | 1.6 | | |
| | Jurors | Avg. Present for Jury Selection | 44.77 | 45.30 | 36.80 | 42.94 | 38.85 | 36.51 | | |
| | | Percent Not Selected or Challenged | 34.0 | 39.9 | 25.5 | 42.2 | 29.1 | 32.8 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2874 | 284 | 197 | 579 | 46 | 18 | 241 | 338 | 251 | 140 | 326 | 22 | 432 |
| Criminal* | 489 | 19 | 134 | 92 | 60 | 70 | 23 | 28 | 3 | 20 | 9 | 18 | 13 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."