IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-127-GMS |
| | ) | |
| TURNER BROADCASTING SYSTEM, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

      Pursuant to Fed. R. Civ. P. 26(f), the parties, by and through their undersigned counsel, jointly submit this Status Report.  On June 13, 2008, counsel for the parties participated in a telephone conference regarding the issues set forth in Fed. R. Civ. P. 26(f).  Robert E. Rohde of Rohde & Van Kampen attended on behalf of Plaintiff CRS, LLC ("CRS").  J. Christopher Carraway of Klarquist Sparkman, LLP attended on behalf of Defendant TBS, Inc. ("TBS").

      **1.**      **Jurisdiction and Service**

      TBS is the sole defendant, and it has been served.  The parties agree that the Court has subject-matter jurisdiction over CRS's claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  TBS agrees that the Court has personal jurisdiction over it for purposes of this action.  However, TBS has filed a motion pursuant to 28 U.S.C. § 1404 to transfer this case to the U.S. District Court for the Western District of Washington.  (D.I. 10).  CRS opposes transfer.  (D.I. 16).  The motion is fully briefed and ready for decision by the Court.  (*See* D.I. 10-12, 16-18).

2.  **Substance of the Action**

CRS alleges that TBS infringes U.S. Patent No. 6,073,124 ("'124 Patent") "by using without authorization a method of online purchasing of electronic games or other products through its Gametap website and other websites, and by using computer systems for conducting electronic commerce which embody one or more claims of the '124 Patent." (Complaint (D.I. 1), ¶ 8). CRS also alleges that TBS "has induced customers and others to infringe under 35 U.S.C. §271(b) by inducing them to use methods and computer systems to conduct electronic commerce that embody one or more claims of the '124 Patent." (*Id.*) CRS also alleges that TBS's infringement was willful and that this is an exceptional case.

TBS denies that it directly infringes or induces others to infringe the '124 Patent in any way. TBS further defends that the claims of the '124 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. TBS also contends that CRS is barred from recovering damages prior to March 16, 2007 due to the failure by CRS and its licensees to satisfy the marking requirements of 35 U.S.C. § 287(a).

CRS contends that the notice provisions of 35 U.S.C. §287(a) do not apply.

3.  **Identification of Issues**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute in the above-captioned case are typical of those in most patent cases and include the following:

  (a)  The proper construction of terms and phrases appearing in asserted claims of the '124 Patent;

  (b)  Infringement of any asserted claims of the '124 Patent;

  (c)  Validity of any asserted claims of the '124 Patent;

(d)    Unenforceability of the '124 Patent;

(e)    Whether the actual and constructive notice under 35 U.S.C. § 287 apply, and if so, whether compliance occurred;

(f)    Laches, waiver, and equitable estoppel;

(g)    The amount of damages, if any, should TBS be found liable for infringement;

(h)    Whether defendant's alleged infringement was willful; and

(i)    Whether this is an "exceptional case" warranting increased damages, attorneys' fees and costs, for either plaintiff or defendant.

**4.    Narrowing of Issues**

The parties are hopeful that they will be able to narrow the issues through discovery as the case progresses, possibly by way of stipulation. CRS does not think the issues of infringement or validity will be amenable to resolution on summary judgment. CRS does believe that the issues for resolution at the Markman hearing will be relatively few, and as a result, a relatively early Markman hearing would be feasible and conducive to settlement.

TBS believes that this case can be decided on summary judgment and requests that the schedule permit the parties to submit letters to the Court seeking permission to file a motion for summary judgment. Many of the terms of the '124 Patent's claims have already been construed by the Court in the Western District of Washington, which has been the venue for the previous eight patent cases involving the '124 Patent and its parent patent. TBS contends that those previous constructions are binding on CRS and that as a result, an early motion for summary judgment on non-infringement and invalidity will likely be ripe even before this Court undertakes any additional claim construction that might be necessary. However, depending on CRS's specific allegations of infringement, which are unknown at this time, any additional terms

may also need to be construed.  After any such construction by the Court, summary judgment on non-infringement and invalidity would very likely resolve any remaining disputes in this case.

    **5.**    **Relief**

CRS seeks damages, increased damages under 35 U.S.C. § 284 and attorneys fees and costs under 35 U.S.C. § 285.  TBS seeks dismissal of CRS's Complaint, a finding that this is an exceptional case under 35 U.S.C. § 285, and an award of its attorney fees and costs incurred in defending this action.

    **6.**    **Amendment of Pleadings**

The parties cannot yet assess the likelihood that they will need to seek to amend the pleadings in this action, but they respectfully seek to reserve the right to file motions to amend the pleadings within the deadlines set forth in the proposed dates.

Attached as Exhibit A is a proposed schedule containing the dates agreed to by the parties.

    **7.**    **Joinder of Parties**

Depending on CRS's infringement contentions, TBS believes that there may be one or more entities that owe an obligation of defense and indemnification to TBS.  Thus, after seeing CRS's contentions, a need may arise to add such entities to this case.  Other than the foregoing, the parties cannot yet assess the likelihood that they will seek to join other parties in this action. The parties respectfully seek to reserve the right to file motions to join parties within the deadlines set forth in the proposed dates.  In addition, because CRS's infringement allegations concern GameTap, a website run and maintained by TGN, Inc., a corporation owned by TBS, unless CRS amends its complaint, CRS will need to substitute parties to correct the pleadings. CRS maintains that it has sued the proper party, TBS, which CRS alleges owns the registration

for the Game Tap website.  If after taking discovery, CRS believes that TGN also infringes, CRS will add it as a party.

    **8.**    <u>**Discovery**</u>

    *a.*    *Proposed Patent-Specific Disclosure Rules:*

CRS does not see the need for the adoption of any special, "patent-related" disclosure rules.

TBS proposes that the Court adopt for this case a set of patent-related disclosure rules designed to streamline patent-related discovery in this case, including contentions regarding claim construction, infringement, and invalidity.  The proposed rules, which are set forth in Exhibit B, would require CRS to provide its infringement contentions, TBS to provide its response to those infringement contentions and its own invalidity contentions, and CRS then to provide a response to the invalidity contentions.  These rules are modeled on a set drafted and proposed by the Western District of Washington.  In a pending case CRS filed there against Valve Corporation, CRS has agreed to the Western District of Washington's draft patent-related disclosure rules.  TBS believes the same type of rules would likewise assist the parties and the Court in streamlining discovery in this case and asks that the Court include them in the Scheduling Order for this case.

    *b.*    *Proposed Modification of Deposition Limits:*

Because of the nature of the parties' anticipated discovery, the parties propose a modification of the ten-deposition default limit set forth in Fed R. Civ. P. 30.  Specifically, instead of a limit on the number of depositions, the parties propose that each party be permitted up to seventy (70) hours of fact deposition time.  The default seven-hour limit on the length of a deposition would not be changed, but the parties would be permitted to take more than ten

depositions so long as the total number of hours does not exceed seventy.  Depositions of expert witnesses would not count toward the seventy-hour limit.

      c.     *CRS's Expected Discovery*:

CRS seeks discovery concerning the configuration and architecture of TBS's system and methods for downloading digital games and other content.  CRS will also need discovery concerning TBS's revenues related to its use of the allegedly infringing system and methods.  CRS may also need discovery concerning TBS's invalidity contentions, its other asserted defenses and discovery of TBS's experts.

      d.     *TBS's Expected Discovery*:

TBS seeks discovery from CRS of the bases of the claims in the Complaint, including CRS's allegations of infringement, willful infringement, and damages.  TBS also will seek discovery from CRS regarding TBS's defenses of invalidity, unenforceability, laches, waiver, equitable estoppel, and failure to provide notice pursuant to 35 U.S.C. § 287.  TBS will also conduct discovery regarding the basis for CRS's request for a permanent injunction in light of the fact that CRS is merely a licensing and litigation entity.

TBS anticipates that a large portion of its discovery will, by necessity, be discovery of third parties rather than of CRS.  Specifically, it is TBS's understanding that CRS may have few relevant documents because the technology of the '124 Patent was developed and commercialized not by CRS but instead by a company called Network Commerce, Inc.  CRS purchased the '124 Patent and a then-pending lawsuit against Microsoft in 2003 at a bankruptcy auction in Seattle, Washington following the bankruptcy of Network Commerce.  Because CRS did not develop the '124 Patent technology and has never commercialized it, TBS expects that

CRS may only have documents regarding its own licensing and litigation business since it purchased the '124 Patent in 2003.

Important documents regarding the development, commercialization, and patenting of the '124 Patent, all of which occurred prior to the bankruptcy of Network Commerce, to the extent they still exist, are likely in the hands of a number of possible third-party sources, including: (a) the bankruptcy trustee, plan administrator, and/or attorneys of Network Commerce; (b) the former President of Network Commerce, Dwayne Walker; (c) the former Network Commerce employees who are named as inventors on the face of the '124 Patent, including Ganapathy Krishnan, John Guthrie, and Scott Oyler; (d) other former Network Commerce employees who may have been involved in the failed commercialization of the patented technology; and (e) former patent attorneys for Network Commerce who prosecuted the '124 Patent and related patent applications.

TBS also expects to take extensive third-party discovery regarding prior art that invalidates the '124 Patent claims.

TBS also expects that it may need to take discovery of any third parties that have licensed the '124 Patent, including discovery regarding the terms of any such licenses and regarding the failure of those licensees to mark the '124 Patent number on their accused websites and products.

TBS also expects that it may need to take discovery of third parties that developed and operate certain features of the GameTap website that may be accused of infringement by CRS in this case. One of these entities is located in Seattle and another is in California.

### 9. **Estimated Trial Length**

The parties believe that trial of this case would take approximately 7 trial days.

**10.    Jury Trial**

The parties have demanded a trial by jury on all issues so triable.

**11.    Settlement**

During the Discovery Planning Conference, the parties discussed the possibility of settlement.  The parties think that settlement discussions prior to the conclusion of discovery may prove productive.  However, the parties believe that some discovery prior to settlement discussions may be useful.  If settlement discussions following some initial discovery do not prove productive, then the parties believe that mediation following issuance of an Order construing any disputed claim terms may prove useful.  The parties believe that any decision on the proper form of mediation or identity of a mediator should also take place following a claim construction Order.

**12.    Other Matters**

TBS believes that a Protective Order is necessary due to the confidential technical and business information that will need to be exchanged by the parties and produced by third parties. TBS will propose an order and the parties will attempt to stipulate to its terms prior to the commencement of discovery.

**13.    Statement of Counsel**

Counsel for the parties has conferred regarding each of the above matters.

| | |
|---|---|
| ECKERT SEAMANS CHERIN & MELLOTT LLC | YOUNG CONWAY STARGATT & TAYLOR, LLP |

/s/ Michael G. Busenkell             /s/ John W. Shaw
Michael G. Busenkell                  John W. Shaw (No. 3362)
300 Delaware Avenue, Suite 1210       Karen E. Keller (No. 4489)
Wilmington, DE 19801                  1000 West Street, 17th Floor
                                      Wilmington, Delaware  19801
Of Counsel:                           (302) 571-6600
                                      jshaw@ycst.com
Robert Rohde
Rohde & Van Kempen PLLC               Of Counsel:
1001 Fourth Avenue, Suite 4050
Seattle, WA 98 154-1000               J. Christopher Carraway
                                      Klarquist Sparkman, LLP
*Attorneys for Plaintiff CRS, LLC*    One World Trade Center
                                      121 S.W. Salmon Street, Suite 1600
                                      Portland, Oregon  97204
                                      (503) 595-5300

                                      *Attorneys for Defendant Turner Broadcasting System, Inc.*

*CRS, LLC v TBS, Inc.*
*C.A. No. 08-127-GMS*

*Exhibit A*
*Joint Proposed Schedule*

| EVENT | DATE |
|---|---|
| Rule 26(f) Conference | June 13, 2008 |
| Exchange of Initial Disclosures | July 7, 2008 |
| Last day to join or add a party | January 9, 2009 |
| *Markman Proceedings* | |
| Exchange List of Terms for Construction | October 15, 2008 |
| Exchange Proposed Constructions of Terms | November 5, 2008 |
| Submit Joint Claim Construction Chart | November 19, 2008 |
| Plaintiff's Markman Brief | December 1, 2008 |
| Defendant's Markman Brief | December 22, 2008 |
| Markman Hearing | February ___, 2009 |
| Disclosure of any advice of counsel to rebut willfulness | 21 days after Court's Markman ruling |
| Motion to amend pleadings | January 15, 2009, except for motions to amend to add an inequitable conduct defense and/or counterclaim, which must be filed 30 days before the completion of fact discovery. |
| Completion of Fact Discovery | 90 days after Court's Markman ruling |
| *Expert Discovery* | |
| Opening Expert Reports (Burden of Proof) | 120 days after Court's Markman ruling |
| Rebuttal Expert Reports | 150 days after Court's Markman ruling |
| Completion of Expert Discovery | 180 days after Court's Markman ruling |
| *Dispositive Motions* | |
| Deadline for opening letter requests for permission to file a summary judgment motion | 120 days after Court's Markman ruling |
| CRS's proposed Pre-trial Conference | _____, 2009 |
| TBS's proposed Pre-trial Conference | April ___, 2010 |
| CRS's proposed Trial | _____, 2009 |
| TBS's proposed Trial | May ___, 2010 |

*CRS, LLC v TBS, Inc.*
*C.A. No. 08-127-GMS*

*Exhibit B*
*TBS's Proposed Patent-Specific Disclosure Rules*

These rules are modeled after the Western District of Washington's draft Local Patent Rules:

1. <u>Disclosure of Asserted Claims and Infringement Contentions</u>:

Within 15 days of the Scheduling Conference or, if there is no Scheduling Conference, entry of the case schedule, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." The "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

   **(a)** Each claim ("Asserted Claim") of each patent in suit that is allegedly infringed by each opposing party;

   **(b)** For each Asserted Claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Device") of each opposing party. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   **(c)** A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function;

   **(d)** Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Device; and

   **(e)** For any patent that claims the priority of an earlier application, the priority date to which each asserted claim allegedly is entitled.

2. <u>Non-Infringement and Invalidity Contentions:</u>

Not later than 30 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Non-Infringement and Invalidity Contentions" which shall contain the following information:

   **(a)** For each Asserted Claim against that party, a chart stating whether the party admits that that element is present in the Accused Device or contends that it is absent

from the Accused Device. If the party contends that an element is absent from the Accused Device, it shall set forth in detail the basis for that contention.

**(b)** Each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious. Prior art patents shall be identified by number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Public uses or sales shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. A claim that the invention was derived from a third party shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. A claim of prior inventorship shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(c)** Whether each item of prior art anticipates each Asserted Claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified; and

**(d)** A chart identifying where specifically in each alleged item of prior art each element of each Asserted Claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

3. <u>Amended Contentions</u>:

Each party's "Infringement Contentions" and "Invalidity Contentions" may be amended only by order of the Court, upon a showing of good cause, except as set forth below.

**(a)** A party claiming patent infringement may amend its "Infringement Contentions" if the Court's Claim Construction Ruling or additional information not reasonably available to it earlier, so requires and if served not later than 30 days after the Claim Construction Ruling, or the receipt of the additional information.

**(b)** A party opposing a claim of patent infringement may amend its "Invalidity Contentions" if the Court's Claim Construction Ruling or additional information not available to it earlier, so requires and if served no later than 30 days after the Court of its Claim Construction Ruling or the receipt of such additional information.

4. <u>Other Discovery Regarding Patent-Related Contentions</u>:

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question), or declining to provide information

otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1), that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Local Patent Rules. A party may object, however, to disclosing under Fed. R. Civ. P. 26(a)(1) or responding to discovery requests seeking the following categories of information on the ground that they are premature in light of the timetable provided in the Scheduling Order:

> **(a)** Requests seeking to elicit a party's claim construction position;
>
> **(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
>
> **(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and
>
> **(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request or disclosure obligation on the ground set forth above, the requesting party may file a motion to compel to resolve the objection. If no motion is filed or the court upholds the objection, the producing party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Local Patent Rules, unless there exists another legitimate ground for objection