IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CRS, LLC**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TURNER BROADCASTING SYSTEM, INC.,**<br><br>    **Defendant.** | C.A. No. 08-127-GMS<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S NOTICE OF NEW SUPPLEMENTAL AUTHORITY

Plaintiff CRS, LLC ("CRS") hereby supplements the briefs relating to Turner Broadcasting System, Inc.'s ("TBS") Motion to Transfer (D.I. 9). In support of its motion, TBS argued "Judge Pechman of the Western District of Washington has gained substantial familiarity with the technology and claims of the '124 Patent…The efficiency that can be gained by leveraging the knowledge and familiarity that Judge Pechman and the Western District of Washington have already accumulated warrants transfer of this case to the Western District of Washington." Opening Brief in Support of TBS's Motion to Transfer at 16.

On August 4, 2008, however, the Honorable Marsha J. Pechman of the Western District of Washington entered an order granting CRS's motion to dismiss the TGN, a wholly owned subsidiary of TBS, declaratory judgment action. The order is attached hereto as Exhibit A. CRS asserted the first-to-file rule as the basis for its motion for, as the Honorable Marsha J. Pechman recognized, the matters in both the CRS v. TBS patent infringement litigation and the TGN v. CRS declaratory judgment action arose "from the 'same set of facts' and involve the same patent, the

same gametap.com domain, the same download process, the same witnesses, and the same documentary evidence." Exhibit A.

    CRS respectfully suggests that the Court may consider this new information in determining TBS's pending motion to transfer the case to the Western District of Washington.

Respectfully Submitted,

DATE: August 12, 2008        WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

*/s/ Michael Busenkell*_____

Michael Busenkell, Bar No. 3933
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel. 302.252.4324

AND

Robert Rohde, WSBA No. 12809
Rohde & Van Kampen PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000

*Attorneys for Plaintiff CRS, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2008, a copy of the foregoing notice and exhibit was electronically filed with the Clerk of the Court using CM/ECF and served on the following in the manner indicated :

<u>VIA CM/ECF ELECTRONIC DELIVERY</u>

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Young Conway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
302 571-6600
jshaw@ycst.com

| | |
|---|---|
| Adam Wichman | J. Christopher Carraway |
| KLARQUIST SPARKMAN, LLP | KLARQUIST SPARKMAN, LLP |
| One Union Square | One World Trade Center |
| 600 University Street, Suite 2950 | 121 S.W. Salmon Street, Suite 1600 |
| Seattle, WA 98101 | Portland, OR 97204 |
| adam.wichman@klarquist.com | christopher.caraway@klarquist.com |

This 12th day of August, 2008.

　　　　　　　　　　　　　　　　　　　　*/s/ Michael Busenkell*
　　　　　　　　　　　　　　　　　　　　Michael Busenkell, Bar No. 3933
　　　　　　　　　　　　　　　　　　　　Womble Carlyle Sandridge & Rice, PLLC
　　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1501
　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　Tel. 302.252.4324

# EXHIBIT A

UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRS, LLC, <br><br> Defendant. | Case No. C08-00680MJP <br><br> ORDER OF DISMISSAL |

This matter comes before the Court on Defendant's motion to dismiss or stay the proceedings. (Dkt. No. 9.) In its response, Plaintiff has moved to strike Defendant's motion. (Dkt. No. 11.) Having considered the motion, Plaintiff's response, Defendants' reply (Dkt. No. 14), all papers submitted in support thereof,[1] and the balance of the record, the Court GRANTS the motion to dismiss the proceedings.

**Background**

On March 3, 2008, CRS, LLC ("CRS") filed a complaint in the District of Delaware against Turner Broadcasting System, Inc. ("TBS") alleging infringement of CRS's '124 patent. TBS filed its answer in that action on April 25, 2008, and three days later TGN, Inc. ("TGN"), a wholly owned subsidiary of TBS, filed the current action against CRS in this district. TGN's claims in the current action are identical to the claims included in TBS's answer to the complaint

---

[1] The Court need not address Plaintiff's surreply (Dkt. No. 17), which contains a motion to strike new arguments raised in Defendant's reply, because none of those new arguments are necessary to this analysis.

ORDER — 1

1 in Delaware.

2 CRS now brings a motion to dismiss or stay this action under the first-to-file rule. TGN
3 opposes the motion and has moved to strike CRS's motion in its entirety on the ground that CRS
4 failed to file a timely response to the complaint and is in default.

**Discussion**

**I.  Defendant's Motion to Dismiss or Stay Proceedings**

   **A.  The First-to-File Rule**

8 Defendant requests that the court dismiss or stay the proceedings under the first-to-file
9 rule because Defendant already filed an action in Delaware that involves parties and issues similar
10 to this action. A district court is permitted "to decline jurisdiction over an action when a
11 complaint involving the same parties and issues has already been filed in another district."
12 Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d. 93, 95 (9th Cir. 1982) (citing Church of
13 Scientology of Cal. v. U.S. Dept. of Army, 611 F.2d 738, 749 (9th Cir. 1979)). The first-to-file
14 rule promotes judicial efficiency and avoids conflicting judgments. See Church of Scientology,
15 611 F.2d at 750. In applying the rule, the Court looks at three threshold factors: (1) chronology
16 of the two actions; (2) similarity of the parties; and (3) similarity of the issues. Alltrade, Inc. v.
17 Uniweld Products, Inc., 946 F.2d 622, 625-26 (9th Cir. 1991). This case meets all three
18 threshold factors.

19 CRS's Delaware action was filed on March 3, 2008, about two months before TGN's suit
20 in this district, making the Delaware action "first-filed." The parties involved in both suits are
21 sufficiently similar. TGN, the plaintiff in this action, is a wholly-owned subsidiary of TBS, the
22 defendant in the Delaware action. Both companies either own or maintain the allegedly infringing
23 website. (Def. Mot. at 5; Plf.'s Opp'n, Ex. N. ¶ 2.) Even though the parties are not identical,
24 TGN and TBS are related and both cases involve the same issues of liability. See Time Warner
25 Cable, Inc. v. GPNE Corp., 497 F.Supp. 2d 584, 589 (D. Del. 2007) (dismissing the second-filed
26 suit under the first-to-file rule when the parties, a company and its 84% owner company, were not

ORDER — 2

identical, but the issues were the same). Finally, both actions concern the validity and enforceability of the '124 patent and whether the GameTap website infringes the patent. TBS's answer in Delaware and TGN's current complaint request a declaratory judgment that the website does not infringe the '124 patent and that the '124 patent is invalid. (Def.'s Mot., Ex. N.) The matters arise from the "same set of facts" and involve the same patent, the same gametap.com domain, the same download process, the same witnesses, and the same documentary evidence. See Id.; see Time Warner, 497 F.Supp. 2d at 589.

Because both actions have similar parties and similar issues, two concurrent actions would defeat the purpose of the first-to-file rule and this action is dismissed.

**B. Exceptions to the First-to File Rule**

The first-to-file rule is discretionary. Even when the three threshold factors are met, a court may dispense with the rule "for reasons of equity." Alltrade, 946 F.2d at 625-26. Courts have chosen not to apply the first-to-file rule in circumstances involving bad faith, anticipatory suit, and forum shopping. Id. at 628. This case does not fall within any exception to the first-to-file rule.

TGN has presented no evidence that CRS has acted in bad faith. See Alltrade, 946 F.2d at 628 (citing Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602-03 (5th Cir. 1983) (plaintiff acted in bad faith when plaintiff asked defendant to hold the suit, then ran to court and sued defendant)). Neither is there evidence that CRS filed suit in Delaware in anticipation of TGN's declaratory action in this Court. See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998) (providing that a suit is anticipatory "if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent"). CRS does not appear to be forum shopping. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 629 (9th Cir. 1991) (citing Mission, 706 F.2d at 602 n.3 ("[a]nticipatory suits are disfavored because they are an aspect of forum shopping")).

ORDER — 3

1        On occasion, a court may consider the convenience of the parties and witnesses, though normally "the forum non conveniens argument should be addressed to the court in the first-filed action." Pacesetter, 678 F.2d at 96-97. Courts have considered the convenience of the parties and witnesses when the parties of the first-filed and second-filed actions were different. See Pacesetter, 678 F.2d at 96 (citing William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d. 177 (2d Cir. 1969)). Such is not the case here.

        In Delaware, TBS filed a forum non conveniens motion to transfer that action to this district, and this issue should appropriately be heard by the Delaware court. See CRS, LLC v. Turner Broad. Sys., Inc., No. C08-127 (D. Del. March 3, 2008) (Dkt. No. 10 at 10.) This Court is not required to duplicate the forum non conveniens inquiry. Pacesetter, 678 F.2d at 96.

        Finally, this case is in its early stages and has not proceeded far beyond the Delaware action such that it would be impractical to dismiss this case. Church of Scientology, 611 F.2d at 749-50.

### C. The Action Is Dismissed, Not Stayed

        Dismissal of the second-filed action is an appropriate application of the first-to-file rule. Pacesetter, 678 F.2d at 95. The Ninth Circuit has indicated that staying the second-filed action would be appropriate when there is a question of proper jurisdiction in the first-filed district. Alltrade, 946 F.2d at 628-29 ("jurisdictional uncertainty … at the very least [] counsels against outright dismissal").

        There is no indication that the District of Delaware has no jurisdiction to hear the first-filed action, and TBS did not challenge that court's jurisdiction in its motion to transfer the action to the Western District of Washington. CRS, No. 08-127 (Dkt. No. 10 at 10.) Because the first-filed action does not present jurisdictional uncertainty, the Court dismisses instead of stays this action.

ORDER — 4

II. **Plaintiff's Motion to Strike**

In its opposition, Plaintiff argues that the Court should strike CRS's motion to dismiss entirely because CRS did not file an answer within the prescribed time and is therefore in default. Defendant did fail to answer the complaint within the prescribed time, but Plaintiff never moved for an entry of default as required by Fed. R. Civ. P. 55(a). Local Rule 55 requires that the moving party submit a motion for default supported by an affidavit before default is entered by the clerk. TGN failed to comply with this rule, and CRS's motion is properly before the Court. Local Rule 55(a); see W. Wash Painters Defined Contribution Pension Plan Trust v. Capitol City Enter., Inc., No. C07-5190, 2007 U.S. Dist. WL 1821055, at *1 (W.D. Wash. June 19, 2007) (denying a motion for order of default for failure to comply with Local Rule 55(a)).

**Conclusion**

The Court grants Defendant's motion to dismiss because the action filed in this Court involves similar parties and similar issues to the action already filed in the District of Delaware. Plaintiff's motion to strike is denied. This action is hereby DISMISSED and any dates previously set are VACATED.

The clerk is directed to send copies of this order to all counsel of record.

Filed this 4th day of August, 2008.

Marsha J. Pechman
U.S. District Judge

ORDER — 5