IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-127-GMS |
| | ) | |
| TURNER BROADCASTING SYSTEM, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff CRS, LLC. and Defendant Turner Broadcasting System, Inc. hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## DEFINITIONS

1.   For purposes of this Order, a "Producing Party" shall mean any party to this action as well as any nonparty or third party producing information or material voluntarily or pursuant to a subpoena or a court order. This Order shall cover the treatment of all Protected Material, as defined in this Order, produced in this litigation by any Producing Party.

2.   For purposes of this Order, "Protected Material" shall mean all confidential information or material which is produced for or disclosed to a receiving party and which the Producing Party in good faith considers to constitute or to contain proprietary information, trade secrets, confidential research or development, commercial information, as such terms are used in

- 2 -

Rule 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), or other information not publicly known, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the Producing Party as set forth below. However, the following is not considered Protected Material:

    (a)    any information which at the time of disclosure to a receiving party is in the public domain;

    (b)    any information which after disclosure to a receiving party becomes part of the public domain as a result of publication or disclosure not involving a violation of this Order;

    (c)    any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

    (d)    any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Material; and

    (e)    any information that has been submitted to any governmental entity without request for confidential treatment.

3.    Protected Material may be designated "ATTORNEYS' EYES ONLY" if it constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, technical documents

DB02:7130420.1      067266.1001

that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

4. Protected Material may be designated "ATTORNEYS' EYES ONLY – SOURCE CODE" if its constitutes or contains, in whole or in part, non-public computer source code or documents revealing source code logic or algorithms of the designating party's software or computer applications.

5. Protected Material that does not meet the requirements to be designated ATTORNEYS' EYES ONLY (in Paragraph 3 above) or ATTORNEYS' EYES ONLY – SOURCE CODE (in Paragraph 4 above) may be designated as CONFIDENTIAL.

6. For purposes of this order, a "Qualified Recipient" is any person who meets the applicable qualifications for receipt of Protected Material as set forth below in Paragraphs 11-13 for the Protected Material's designated level of protection (CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE).

## INFORMATION SUBJECT TO THIS ORDER

7. Any document or tangible thing containing or including any Protected Material is subject to this Order by the Producing Party marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party. Protected Material may likewise be marked "ATTORNEYS' EYES ONLY" if it meets the criteria set forth in Paragraph 3 above, or "ATTORNEYS' EYES ONLY – SOURCE CODE" if it meets the criteria set forth in Paragraph 4 above. Where feasible, such designation should be placed upon each page of any such document or, as appropriate, upon each separate piece of any such tangible item, or, if direct marking is not possible, upon a container or tag affixed to any such item containing Protected Material.

8. All Protected Material to be designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE, not reduced to documentary, tangible or physical form or which cannot otherwise be conveniently designated as set forth in Paragraph 7, shall be designated by the Producing Party by informing the receiving party of the designation in writing prior to or contemporaneously with receipt of the Protected Material by the receiving party.

9. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be clearly marked CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE by the reporter upon all sections containing Protected Material. The requesting party must make the designation request within seven (7) calendar days of the deposition. If the designating party is a third party, written notice of the request shall be provided to all parties. Any portions so designated shall thereafter be separated and treated in accordance with the terms of this Order. Prior to expiration of seven (7) calendar days, all persons in attendance at the deposition shall treat the deposition, the deposition transcript and associated exhibits, and all information contained therein as Protected Material under the ATTORNEYS' EYES ONLY designation.

10. During the course of a deposition taken in this action, if a request to designate all or portions of the deposition as Protected Material is made, then only Qualified Persons for the requested designation (CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE), the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition where the questions to be asked and answers to be given concern Protected Material. However, this paragraph shall not be construed to authorize

disclosure of any Protected Material to any person to whom disclosure is otherwise prohibited under this Order.

**PERSONS AUTHORIZED TO RECEIVE PROTECTED MATERIAL**

11. Unless otherwise ordered by the Court, access to Protected Material designated CONFIDENTIAL shall be limited to:

(a) The parties' outside attorneys of record, including the clerical employees of such counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case;

(b) In-house attorneys representing the parties in the litigation, including the clerical employees of such counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case;

(c) Data processing vendors, copy vendors, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for court proceedings in this action, and jury or trial consulting services;

(d) Experts or consultants unaffiliated with the parties, including other counsel, and their secretarial and clerical personnel, retained to assist counsel in this case and who become qualified to receive material designated under this Order in accordance with the procedure identified in paragraph 14 below;

(e) Court officials involved in this action;

(f) Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Protected Material designated as such under this Order shall remain "confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions

of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

(g) Persons identified in the Protected Material as an author of the document in part or in whole, or persons identified in the Protected Material as receiving a copy of such Protected Material prior to its production in this action; and

(h) Witnesses where at least one of the following conditions applies:

i. the witness is a current employee of the designating party;

ii. the witness's name appears on the Protected Material as a person who has previously seen or had access to the Protected Material;

iii. the designating party has consented on the record of the deposition to the showing of the Protected Material to the witness; or

iv. the party wishing to show the witness the Protected Material notifies the designating party of that desire, with a specific listing of the Protected Material to be so shown, and the designating party consents in writing to such showing. If, however, such consent in writing is not received, such Protected Material may not be shown to the witness until and unless the party wishing to show the Protected Material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses being shown Protected Material under subparagraphs (h)(ii), (h)(iii), or (h)(iv) shall not be allowed to retain copies of the Protected Material. However, a witness who was shown Protected Material during a deposition may review the Protected Material while reviewing his or her transcript, provided that any Protected Material is not retained

by the witness after he or she has completed his or her review of the transcript for accuracy; and

(i) one designated employee of any receiving party, so long as the employee has executed the undertaking set forth in Exhibit A stating that he or she has read and understands this Order and agrees to be bound by its terms.

12. Unless otherwise ordered by the Court, access to Protected Material designated ATTORNEYS' EYES ONLY shall be limited to those persons listed in paragraphs 11(a) – 11(h) only.

13. Unless otherwise ordered by the Court, access to material designated ATTORNEYS' EYES ONLY – SOURCE CODE shall be limited to those persons identified in Paragraph 15.

14. Protected Material may be disclosed to nonparty experts or consultants unaffiliated with the parties, including their secretarial and clerical personnel, retained to assist counsel in this case, if the receiving party first gives written notice to the Producing Party, who shall have seven (7) days after such notice is given (plus three (3) days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission) to object to disclosure to the individual(s) in writing. The disclosure of the identity of an expert pursuant to this Order shall not constitute a waiver of any privilege or right to withhold from production any communications of or with, or any work product of, a consulting expert. The parties agree that by stipulating to the entry of the Protective Order, the parties do not intend to modify in any way the normal discovery rules applicable to consulting or testifying experts, except as specifically noted in herein or in other agreements reached between the parties regarding such discovery. The party desiring to disclose the Protected Material shall provide in the notice to the Producing

Party the curriculum vitae of each individual to whom disclosure is sought, and shall also include the following information about each such individual in the written notice:

    (a)    business address;

    (b)    business title;

    (c)    business or profession; and

    (d)    any previous or current relationship (personal or professional) with any of the parties.

If, during the notice period the Producing Party serves an objection upon the receiving party, there shall be no disclosure of the Protected Material to any such individual objected to pending resolution of the objection. The Producing Party objecting to disclosure of the Protected Material shall provide an explanation of the basis of its objection for each such individual, and consent to the disclosure of the Protected Material to each such individual shall not be unreasonably withheld. If a Producing Party objects, the receiving party shall then have seven (7) days after an objection is served (plus three (3) days if the objection is served other than by hand delivery, e-mail transmission or facsimile transmission) to respond to the objection. The Producing Party shall then have seven (7) days after such response is served (plus three (3) days if response is served other than by hand delivery, e-mail transmission or facsimile transmission) to file an objection with the court and seek disqualification of the individual or other appropriate relief, if the parties cannot come to an agreement. If the Producing Party fails to file an objection within the prescribed period, then any objection to disclosure is waived, and the Protected Material may be thereafter disclosed to each such individual. No Protected Material shall be disclosed by a receiving party to a nonparty individual until after the individual has executed

Exhibit A, stating that he or she has read and understands this Order and agrees to be bound by its terms. Such written agreement shall be retained by counsel for the receiving party.

### TREATMENT OF AND ACCESS TO INFORMATION DESIGNATED AS ATTORNEYS' EYES ONLY - SOURCE CODE

15.  To the extent any party produces computer source code, such source code (electronic, printed, or other format) and any descriptions of it may be produced under the designation ATTORNEYS' EYES ONLY SOURCE CODE. The parties agree that any documents or notes pertaining to such source code created by an Authorized Individual (defined in paragraph 31(d) below) shall automatically be designated ATTORNEYS' EYES ONLY SOURCE CODE. Access to such ATTORNEYS' EYES ONLY SOURCE CODE information by the receiving party shall be limited to the manner provided below:

(a)  Any and all such source code, regardless of form, shall be maintained in the United States and in the sole control and custody of the following persons ("the Source Code Custodians"): 1) U.S. outside counsel of record for the receiving party(ies); 2) a single person not employed by a party who is expressly retained by an outside counsel of record to assist in the preparation of this action for a trial as a technical expert, provided that such person has signed the Confidentiality Undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, that outside counsel notifies counsel for the producing party of the expert's designation as a Source Code Custodian, and no unresolved objections to such disclosure exist after proper advance notice has been given to all parties as set forth in paragraph 14 above.

(b)  Any hard (non-electronic) copes of such source code shall be stored and viewed only at a) the United States office(s) of the Source Code Custodians; b) the site where any deposition relating to source code is taken; c) the Court; or d) any intermediate

location reasonably necessary to transport the information (e.g. a hotel prior to a deposition).

(c) Any source code produced in electronic format may be copied to no more than three (3), non-internet accessible, stand-alone desktop computers that will remain at all times on the physical premises of the United States office(s) of the Source Code Custodians. The stand-alone computers shall have a password protection to avoid access by unauthorized individuals, and the password will only be disclosed to and known by the Source Code Custodian. The password will be changed periodically. The stand-alone computers must be kept in a secure location that remains locked when not in regular use. Neither the source code, nor any portion of the source code, shall be copied or transmitted to any computer or location other than authorized stand-alone computers.

(d) Only the following persons ("Authorized Individuals") may have access to the source code:

i. Outside counsel of record for the receiving party who are subject to this Protective Order

ii. Court reporters and the Court and its personnel (together "court personnel");

iii. Any person or entity not employed by any party who is expressly retained by any attorney described in paragraph 11(a) to assist in the preparation of this action for trial as a consultant or technical expert, provided, however, that such person has signed the Confidentiality Undertaking annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties.

(e) Under no condition may any Authorized Individual disclose, in whole or in part, copies of, or the substance of, the Source Code of the producing party to an unauthorized person including any officers, directors, in-house counsel, employees, or non-litigation consultants of the receiving party.

(f) No source code or documents describing source code shall be filed with the Court except according to the procedures described in paragraph 20 of this Order. If required in connection with any motion or other court proceeding, an additional stand-alone laptop computer containing the source code may be used in a closed courtroom or in chambers.

(g) Nothing in this order shall obligate the parties to produce any particular portion of the source code and this Protective Order in not an act or omission that any particular portion of a producing party's source code is discoverable.

**LIMITATION ON PATENT PROSECUTION**

16. Any persons in the categories of paragraphs 11(a), 11(b), and 11(i) who have reviewed another party's Protected Material designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE that in any way relates to the structure or operation of any device, system, process, or product designed, developed, made, sold, or offered for sale by the parties or those in privity with the parties shall not engage in the following activities during this litigation and within one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action:

(a) preparing, prosecuting, and/or amending any patent application (or portion or claim thereof), either in the United States or abroad (including applications filed under

the Patent Cooperation Treaty), for or on behalf of a party, himself or herself, or any entity fully or partially owned or controlled by a party or by any such party's officers, directors or employees, having claims directed to acquiring, supplying, licensing, or downloading digital or electronic content;

(b) assisting, supervising, or advising in any of the activities listed in Paragraph 16(a) above.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17. The parties will use reasonable care when designating any documents, material or other information as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE. Nothing in this Order shall prevent a receiving party from contending that any or all documents, material or information designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE have been improperly designated. A receiving party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any such document, or the information contained therein.

18. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the receiving party may file a motion, no sooner than fourteen (14) calendar days but no later than twenty-eight (28) calendar days after providing

a written challenge, requesting that the Court cancel or modify a CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE designation.

### LIMITATIONS ON THE USE OF PROTECTED MATERIAL

19. All Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All such information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

20. If a party intends to file with the Court any documents constituting or containing any Protected Material designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE, that party shall take all steps necessary to file such documents under seal.

21. Nothing in this Order shall prohibit the transmission or communication of Protected Material (except Protected Material designated as ATTORNEYS' EYES ONLY – SOURCE CODE) between or among Qualified Recipients:

    (a) by hand-delivery;

    (b) in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

(c) by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

## NONPARTY USE OF THIS PROTECTIVE ORDER

22. A nonparty producing Protected Material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

23. A nonparty's use of this Protective Order to protect its Protected Material does not entitle that nonparty access to Protected Material produced by any party in this case.

## NO WAIVER OF PRIVILEGE

24. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests in writing the return of such documents to the Producing Party. Upon receiving the request from the Producing Party, the receiving party shall, within three (3) business days, or sooner if that is possible, return or destroy all copies of such inadvertently produced document(s) and shall make no further use of such document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

**DISCOVERY RULES REMAIN UNCHANGED**

25.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, or any deadlines or procedures ordered by the Court for this litigation.

**MISCELLANEOUS PROVISIONS**

26.     Protected Material produced without the designation of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or ATTORNEYS' EYES ONLY – SOURCE CODE may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error. If discovery material is designated subsequent to production, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 11-13 of this Order.

27.     Any of the notice requirements herein may be waived, in whole or in part, solely by a writing signed by the attorney of record for the party against whom such waiver will be effective.

28.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall:

    (a)     at its option, either return to the Producing Party or destroy all physical objects and documents which embody Protected Material which were received from the Producing Party;

    (b)     destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain Protected Material;

    (c)     certify to each Producing Party that such Protected Material has been returned or destroyed as required above.

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto) trial transcripts, exhibits offered or introduced into evidence at trial, legal memorandum, correspondence and work product provided, however, that any Protected Material contained in any such documents retained by outside counsel of record shall remain subject to the protections of this Order.

29. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect Protected Material, however designated, at trial and any hearing in this case.

30. The United States District Court for the District of Delaware, is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

Dated: August 13, 2008

/s/ Michael Busenkell
Michael Busenkell
mbusenkell@wcsr.com
WOMBLE CARLYLE
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
302-252-4320


Robert E. Rohde
brohde@rohdelaw.com
RHODE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
206-386-7353

*Attorneys for Plaintiff CRS, LLC*

/s/ Karen E. Keller
John W. Shaw (No. 3362)
jshaw@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
YOUNG CONWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
302 571-6600

Adam R. Wichman
adam.wichman@klarquist.com
KLARQUIST SPARKMAN, LLP
One Union Square
600 University Street, Suite 2950
Seattle, Washington 98101
206-264-2960

J. Christopher Carraway
chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
503-595-5300

*Attorneys for Defendant Turner Broadcasting System, Inc.*

**IT IS SO ORDERED**, with the consent of the parties, this _____ of _____, 2008.


_____
Honorable Gregory M. Sleet
United States District Court

# EXHIBIT A - UNDERTAKING

I, _____, state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of CRS, LLC v. Turner Broadcasting System, Inc., and to be subject to the authority of the United States District Court for the District of Delaware in the event of any violation of this agreement or dispute related to this agreement.

5. I have been informed of or read the Protective Order dated _____, 2008, and I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200\_ .    _____

                                                                              Signature